IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER JOHN DAHLHEIMER, <br> Soc. Sec. #XXX-XX-2948, <br><br> Plaintiff, <br><br> VS. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL <br> SECURITY, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:24-CV-3142-D |

MEMORANDUM OPINION
AND ORDER

The United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") in this case. Plaintiff-Appellant Lester John Dahlheimer ("Dahlheimer") filed objections. The court has reviewed *de novo* the portion of the FCR to which objection was made, and has reviewed the remainder for plain error. Finding no error, the court adopts the FCR.

The court deems it appropriate to address one of Dalheimer's objections to the FCR. Dalheimer objects on the ground that the FCR overlooks the impact of severe and sudden cognitive decline on his ability to sustain employment. He maintains that "both the ALJ and Magistrate Judge appear to use their lay interpretation to presume 'low average' scores translate to less impairment than experienced by Plaintiff," which "leads to a well acknowledged impermissible level of playing doctor." P. Objs. (ECF No. 23) at 4. The court disagrees and therefore overrules the objection.

Neither the ALJ nor the magistrate judge substituted a lay opinion for the medical opinions of experts. *Cf. Williams v. Astrue*, 355 Fed. Appx. 828, 832 (5th Cir. 2009) (per curiam) (concluding that ALJ's findings regarding claimant's RFC were not supported by substantial evidence where "the ALJ impermissibly relied on his own medical opinions as to the limitations presented by 'mild to moderate stenosis' and 'posterior spurring' to develop his factual findings"); *Butler v. Barnhart*, 99 Fed. Appx. 559, 560 (5th Cir. 2004) (per curiam) ("There was no medical opinion or evidence submitted reflecting that, after Butler had two and one-half toes amputated from his left foot, he could perform work requiring standing or walking for six-hour periods during an eight-hour work day. Thus, there was not substantial medical evidence in the record to support the ALJ's determination that Butler could perform a full range of light work or his past relevant work as a dishwasher."). And with this objection set aside, there is substantial evidence in the administrative record to support the ALJ's findings.

Accordingly, the court adopts the findings, conclusions, and recommendation of the United States Magistrate Judge and affirms the commissioner's decision by judgment filed today.

**SO ORDERED**.

January 21, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE